T.C. Summary Opinion 2008-93

UNITED STATES TAX COURT

DANIEL AND RUTH M. GOMEZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13167-07S.              Filed July 30, 2008.

Daniel and Ruth M. Gomez, pro sese.

Daniel N. Price, for respondent.

VASQUEZ, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2005 Federal income tax of $4,313.  After concessions,[2] the issue for decision is whether petitioners are entitled to deductions of $6,885 for charitable contributions in tax year 2005.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time they filed the petition, petitioners resided in Texas.

During 2005 petitioners were members of the Apostolic Assembly of the Faith In Christ Jesus (Apostolic Assembly), a religious organization.  As members of the Apostolic Assembly, petitioners were required to tithe.[3]  Additionally, petitioners both were members of gender-based auxiliary groups in which they were required to pay yearly dues.

---

[2]  The parties agreed to disregard the deductions and income claimed on Schedule E, Supplemental Income and Loss.  The parties further agreed that petitioners are entitled to a $1,716 deduction for unreimbursed employee business expenses, and that petitioners are entitled to deduct an additional $1,500 for property taxes on Schedule A, Itemized Deductions, for property they initially claimed on Schedule E, Supplemental Income and Loss.

[3]  To pay or give a tenth part of esp. for the support of a church (Merriam-Webster's Collegiate Dictionary (10th ed. 1996)).

During 2005 petitioners paid a total of $6,548.27 to the Apostolic Assembly by 20 separate checks.[4]  The memo entries on the checks indicated that petitioners wrote two of the checks for food items, for a total of $27.77.[5]  The remaining checks either had memo entries that indicated they were for tithes, which petitioners noted in Spanish as "diezmos", or dues for the auxiliaries, which petitioners noted as "mano-mano" for the men's auxiliary and "quotas" for the women's auxiliary, or had no memo entry at all.  Ten of the checks, for a total of $6,100, indicated that they were for tithes, and each check was over $250.  A letter from the Apostolic Assembly, dated January 22, 2008, indicated that petitioners paid a total of $6,552 as tithes during 2005.[6]

Petitioners timely filed their joint 2005 Federal income tax return.  Petitioners claimed a $6,885 charitable contribution deduction on their Schedule A, Itemized Deductions.

In the notice of deficiency respondent disallowed petitioners' claimed charitable contribution deduction as reported on their 2005 return.  Respondent disallowed the claimed

_____

[4]  This amount differs from the amount petitioners claimed as contributions on Schedule A of their 2005 income tax return.

[5]  At trial, petitioners conceded that these two amounts were not deductible.

[6]  This amount differs from the amount petitioners deducted as contributions on Schedule A of their 2005 income tax return and the amount they corroborated through the canceled checks.

charitable contribution deduction because petitioners failed to adequately substantiate the charitable contributions.

## Discussion

A charitable contribution is a contribution or gift to a qualified organization. Sec. 170(c). In general, a taxpayer is allowed to deduct any donations, contributions, or gifts made to a qualifying organization. Sec. 170(a), (c). A taxpayer making a charitable contribution of money must keep canceled checks or a receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1)(i) and (ii), Income Tax Regs. The reliability of the records is determined on the basis of all of the relevant facts and circumstances. See sec. 1.170A-13(a)(2), Income Tax Regs.

No deduction is allowed pursuant to section 170(a) for all or part of any contribution of $250 or more unless the taxpayer substantiates the contribution with a contemporaneous written acknowledgment from the donee organization. Sec. 170(f)(8)(A). Further, a written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of (1) the date on which the taxpayer files a return for the taxable year in which the contribution was made, or (2) the due date (including extensions) for filing such return. Sec. 170(f)(8)(C).

Respondent does not question whether petitioners made the payments to the Apostolic Assembly during 2005. Nor does respondent question the legitimacy of the Apostolic Assembly as a valid section 170(c)(2) exempt organization. It is clear that petitioners wrote 10 checks for tithes to the Apostolic Assembly. Petitioners made donations for "special offerings".[7] Petitioners participated in auxiliary groups and other types of church activities. Further, the Apostolic Assembly gave petitioners a letter dated January 22, 2008, which indicated that the church received $6,552 from petitioners during 2005.

Despite the fact that petitioners made the contributions, section 170(f)(8)(A) and section 1.170A-13(f)(1), Income Tax Regs., require a contemporaneous written acknowledgment for contributions of $250 or more in order for a charitable contribution deduction to be allowed. The letter from the Apostolic Assembly was not contemporaneous with the claimed deduction. The letter was dated January 22, 2008, the date of the Court's trial session in El Paso, Texas, and was not received

---

[7] Petitioner wife testified at trial that sometimes the church asked from the pulpit that its members make special offerings. She also testified that she wrote the checks quickly and did not indicate in the memo the purpose of the check. Petitioners paid to the church a total of $420.50 by eight checks for special offerings, which respondent concedes on brief. These eight checks did not need to be substantiated by contemporaneous written acknowledgments pursuant to sec. 170(f)(8) because they were all less than $250 and the amounts are therefore deductible as charitable contributions.

by the earlier of petitioners' filing their income tax return or the due date of April 17, 2006.[8]  See sec. 170(f)(8)(C); sec. 1.170A-13(f)(3), Income Tax Regs.

The letter from the Apostolic Assembly and the 10 canceled checks indicating that they were for tithes are reliable. However, they do not meet the substantiation requirements set forth by the Internal Revenue Code or the Treasury regulations. According to the Internal Revenue Code and the Treasury regulations, the required acknowledgment of the charitable contribution not only must include the amount contributed, but also must state whether the charity provided any goods or services in consideration for the contributions and describe and set forth a good faith estimate of the value of those goods or services.  See sec. 170(f)(8)(B); Kendrix v. Commissioner, T.C. Memo. 2006-9; sec. 1.170A-13(f)(2), Income Tax Regs.  Because petitioners failed to comply with section 170(f)(8) and section 1.170A-13(f), Income Tax Regs., we are constrained to hold that they are entitled to deduct as charitable contributions only the $420.50 respondent conceded.

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

_____

[8]  Apr. 15, 2006, was a Saturday, and therefore pursuant to sec. 7503 petitioners had until Apr. 17, 2006, to file their income tax return.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
